**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS SHEFFIELD,**

                **Plaintiff,**           **3:11-cv-1176
                                                    (GLS)**

          **v.**

**MICHAEL ASTRUE,**
Commissioner of Social Security**,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Lachman, Gorton Law Firm | PETER A. GORTON, ESQ. |
| P.O. Box 89 | |
| 1500 East Main Street | |
| Endicott, NY 13761-0089 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | DENNIS J. CANNING |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Thomas Sheffield challenges the Commissioner of Social Security's determination that he was no longer entitled to Supplemental Security Income (SSI),[1] seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Sheffield's arguments, the Commissioner's decision is reversed and remanded.

## II. Background

Sheffield, born January 8, 1990, filed an application for SSI childhood disability under the Social Security Act ("the Act") in December 1996, and was subsequently found disabled with an onset date of November 25, 1997. (*See* Tr.[2] at 37, 97-99.) On March 2, 2009, Sheffield was notified that he was no longer eligible for SSI due to a redetermination based upon the adult SSI standard. (*Id.* at 56-59.) Sheffield sought reconsideration and a hearing before an Administrative Law Judge (ALJ) was held on April

---

[1] The Complaint also alleges that Sheffield made a claim for Disability Insurance Benefits (DIB). (*See* Compl.) Inasmuch as no application for DIB was apparently filed by Sheffield, the court disregards that reference.

[2] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 9.)

29, 2010.  (*Id.* at 62-67, 560-578.)  On June 17, 2010, the ALJ issued an unfavorable decision and found that Sheffield's disability ended on March 31, 2009.  (*Id.* at 23-34.)  That decision became the final decision of the Commissioner when the Appeals Council denied Sheffield's request for review.  (*Id.* at 12-14.).

Sheffield commenced the present action by filing his Complaint on October 3, 2011 wherein he sought review of the Commissioner's determination.  (*See generally* Compl.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (*See* Dkt. Nos. 8, 9.)  Each party, seeking judgment on the pleadings, filed a brief.  (*See* Dkt. Nos. 12, 14.)

### III. **Contentions**

Sheffield contends that the Commissioner's decision is tainted by errors of law and is not supported by substantial evidence.  (*See* Dkt. No. 12 at 5-12.)  Specifically, Sheffield claims that the ALJ: (1) erred in finding that he had no limitations in his abilities to deal with others and stress; and (2) erred in failing to obtain testimony from a vocational expert (VE).  (*See id.*)  The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial

3

evidence. (*See* Dkt. No. 14 at 11-19.)

## IV. **Facts**

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 12 at 2-5; Dkt. No. 14 at 2-11.)

## V. **Standard of Review**

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-3 (N.D.N.Y. Mar. 19, 2008).

## VI. **Discussion**

The ALJ found that, as of March 31, 2009, Sheffield "maintain[ed] the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and

---

[3] Specific reference to 42 U.S.C. § 1383(c)(3) is unnecessary because judicial review under that section is identical to review under section 405(g).

usual work situations; and deal with changes in a routine work setting."[4] (Tr. at 30.) Among other arguments, Sheffield contends that the residual functional capacity (RFC) determination is not supported by substantial evidence[5] because the ALJ failed to include any stress limitations. (*See* Dkt. No. 12 at 11.)

Sheffield is correct in that the RFC does not include any stress limitations. (*See* Tr. at 30.) However, several medical and non-medical sources have found that Sheffield does indeed experience limitations in his ability to handle stress. For example, in March 2009, Mary Ann Moore, the state agency consultative examining psychologist, found that Sheffield "appear[ed] to have difficulty in dealing with stress. With stress, he bec[ame] easily overwhelmed and exhibit[ed] anxiety and depression." (*Id.* at 532, 537.) Dr. Nobel, the state agency review psychiatrist, noted in April 2009, that Sheffield "d[id] have some difficulty modulating stress. Under stressful conditions he can become overwhelmed, impulsive and make poor decisions." (*Id.* at 539.) Sheffield's teacher, Kelly Davies, similarly

---

[4] The ALJ also found that Sheffield retained the ability "to perform a full range of work at all exertional levels." (Tr. at 30.) Sheffield does not challenge the ALJ's exertional findings.

[5] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citation omitted).

noted that he "ha[d] a hard time staying on task when he [wa]s frustrated." (*Id.* at 401.)

Sheffield and his mother also both testified that he has difficulties dealing with stress. For example, Sheffield stated that he did not finish his cosmetology class at BOCES because "the stress for [him] was just getting too much." (*Id.* at 567.) Sheffield's mother stated that "he really gets stressed out if he gets a lot of responsibility and he can loose [sic] his temper at times and he does have problems listening to directions." (*Id.* at 574.) She further testified that Sheffield has "a problem with anger also when he's over stressed with things." (*Id.* at 576.)

SSR 85-15 emphasizes the need to carefully evaluate a claimant's ability to deal with stress in the workplace. *See* SSR 85-15, 1985 WL 56857, at * 5-6 (1985). While Sheffield's limitations regarding stress may not be debilitating, the ALJ's failure to discuss why no stress limitations were included in the RFC, in light of the above cited evidence, necessitates remand. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (requiring the Commissioner to set forth "the crucial factors in [his] determination . . . with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence.") (internal

citations omitted).

Accordingly, the court finds that the ALJ failed to adequately evaluate Sheffield's ability to handle stress in making his RFC determination. Because Sheffield's remaining contentions may be impacted by the subsequent proceedings directed by this Order, it would be improper for the court to consider them at this juncture.

## **VII. Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 28, 2012
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court

7